IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES HOLMES,    CASE NO.: 3:19-cv-00291-MCR-EMT

    Plaintiff,

vs.

CENTURION OF FLORIDA, LLC,

    Defendant.

_____/

## DEFENDANT, CENTURION OF FLORIDA, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND [DOC. 1-1]

Defendant, CENTURION OF FLORIDA, LLC ("Centurion"), through undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Jury Demand ("Complaint") [Doc. 1-1], paragraph by paragraph, as follows:

### GENERAL ALLEGATIONS

1.    Defendant admits that it is a limited liability company which contracts with the Florida Department of Corrections to provide certain healthcare services to certain individuals who are incarcerated. Defendant otherwise denies the allegations of Paragraph 1 of Plaintiff's Complaint, and demands strict proof thereof.

2. Defendant admits that it contracts with the Florida Department of Corrections to provide certain healthcare services to certain individuals who are incarcerated. Defendant is otherwise without knowledge of the allegations of Paragraph 2 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

3. Defendant is without knowledge of the allegations of Paragraph 3 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

4. Defendant is without knowledge of the allegations of Paragraph 4 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

5. Defendant admits that it has certain employees working at Santa Rosa Correctional Institution and certain employees working at Regional Medical Center. Defendant is without knowledge regarding the remaining allegations of Paragraph 5 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

6. Defendant is without knowledge of the allegations of Paragraph 6 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

7. Defendant is without knowledge of the allegations of Paragraph 7 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

8. Defendant is without knowledge of the allegations of Paragraph 8 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

9. Defendant is without knowledge of the allegations of Paragraph 9 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint, and demands strict proof thereof.

## UNDERLYING FACTUAL ALLEGATIONS

11. Defendant is without knowledge of the allegations of Paragraph 11 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

12. Defendant is without knowledge of the allegations of Paragraph 12 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

13. Defendant is without knowledge of the allegations of Paragraph 13 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

14. Defendant is without knowledge of the allegations of Paragraph 14 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

15. Defendant is without knowledge of the allegations of Paragraph 15 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

16. Defendant is without knowledge of the allegations of Paragraph 16 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

17. Defendant is without knowledge of the allegations of Paragraph 17 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

18. Defendant is without knowledge of the allegations of Paragraph 18 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

19. Defendant admits the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that the terms of its contracts with the Florida Department of Corrections require Defendant to provide certain healthcare services to certain inmates. Defendant is otherwise without knowledge of the remaining allegations of Paragraph 20 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

21. Defendant is without knowledge of the allegations of Paragraph 21 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

22. Defendant is without knowledge of the allegations of Paragraph 22 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

23. Defendant is without knowledge of the allegations of Paragraph 23 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

24. Defendant is without knowledge of the allegations of Paragraph 24 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

25. Defendant is without knowledge of the allegations of Paragraph 25 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

26. Defendant is without knowledge of the allegations of Paragraph 26 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

27. Defendant is without knowledge of the allegations of Paragraph 27 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

28. Defendant is without knowledge of the allegations of Paragraph 28 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

29. Defendant is without knowledge of the allegations of Paragraph 29 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

30. Defendant is without knowledge of the allegations of Paragraph 30 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

31. Defendant is without knowledge of the allegations of Paragraph 31 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

32. Defendant is without knowledge of the allegations of Paragraph 32 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

33. Defendant denies that the Centurion staff ignored Plaintiff's Complaints. Defendant is otherwise without knowledge of the remaining allegations of Paragraph 33, and therefore they are denied and Defendant demands strict proof thereof.

34. Defendant denies the allegations of Paragraph 34 of Plaintiff's Complaint, and demands strict proof thereof.

35. Defendant is without knowledge of the allegations of Paragraph 35 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

36. Defendant is without knowledge of the allegations of Paragraph 36 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

37. Defendant is without knowledge of the allegations of Paragraph 37 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

38. Defendant is without knowledge of the allegations of Paragraph 38 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

39. Defendant denies the allegations of Paragraph 39 of Plaintiff's Complaint, and demands strict proof thereof.

40. Defendant denies the allegations of Paragraph 40 of Plaintiff's Complaint, and demands strict proof thereof.

41. Defendant is without knowledge of the allegations of Paragraph 41 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

42. Defendant is without knowledge of the allegations of Paragraph 42 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

## **MEDICAL MALPRACTICE - CENTURION**

43. Defendant hereby reincorporates by reference its answers to the allegations contained in Paragraphs 1 through 42 inclusive and above, as if fully

set forth herein.

44.     Defendant is without knowledge of the allegations of Paragraph 44 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

45.     Defendant denies the allegations of Paragraph 45 of Plaintiff's Complaint, and demands strict proof thereof.

46.     Defendant denies the allegations of Paragraph 46 of Plaintiff's Complaint, inclusive of its subparts (a) through (e), and demands strict proof thereof.

47.     Defendant denies the allegations of Paragraph 47 of Plaintiff's Complaint, and demands strict proof thereof.

## SECTION 42 § 1983 CLAIM - MONELL

48.     Defendant hereby reincorporates by reference its answers to the allegations contained in Paragraphs 1 through 47 inclusive and above, as if fully set forth herein.

49.     Defendant is without knowledge of the allegations of Paragraph 49 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

50.     Defendant is without knowledge of the allegations of Paragraph 50 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

51.     Defendant is without knowledge of the allegations of Paragraph 51 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

52.     Defendant is without knowledge of the allegations of Paragraph 52 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

53.     Defendant denies the allegations of Paragraph 53 of Plaintiff's Complaint, and demands strict proof thereof.

54.     Defendant is without knowledge of the allegations of Paragraph 54 of Plaintiff's Complaint, and therefore they are denied and Defendant demands strict proof thereof.

55.     Defendant denies the allegations of Paragraph 55 of Plaintiff's Complaint, and demands strict proof thereof.

56.     Defendant denies the allegations of Paragraph 56 of Plaintiff's Complaint, and demands strict proof thereof.

57. Defendant denies the allegations of Paragraph 57 of Plaintiff's Complaint, and demands strict proof thereof.

58. Defendant denies the allegations of Paragraph 58 of Plaintiff's Complaint, and demands strict proof thereof.

59. Defendant denies the allegations of Paragraph 59 of Plaintiff's Complaint, and demands strict proof thereof.

60. Defendant denies the allegations of Paragraph 60 of Plaintiff's Complaint, and demands strict proof thereof.

61. [Misnumbered as a second paragraph number 60] Defendant denies the allegations of Paragraph 61 of Plaintiff's Complaint, and demands strict proof thereof.

## JURY DEMAND

Defendant admits that Plaintiff has demanded a trial by jury on all issues so triable.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations contained in Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not suffered a physical injury or damages as a result of any acts or omissions by this Defendant.

2. Plaintiff failed to establish any violation of his constitutional rights by this Defendant.

3. Plaintiff failed to state claims upon which relief can be granted against this Defendant.

4. Plaintiff's allegations merely show that he was dissatisfied with the medical treatment which was provided to him, which does not rise to deliberate indifference.

5. Plaintiff failed to mitigate his damages.

6. Plaintiff's allegations are based in inference and on Plaintiff's own subjective beliefs, which do not constitute claims for deliberate indifference or for failure to prevent harm.

7. Injuries or damages suffered by the Plaintiff, if any, were caused in whole or in part by Plaintiff's own wrongful acts, omissions and/or misconduct, not those of Defendant.

8. Injuries or damages suffered by the Plaintiff, if any, were caused in whole or in part by the wrongful acts, omissions and/or misconduct of third-parties

for which this Defendant is not responsible, and over which this Defendant has no control.

9. Defendant acted reasonably and did not violate any clearly established statutory or constitutional right of the Plaintiff.

10. Defendant cannot be held liable under the theory of *respondeat superior*, agency, or vicarious liability.

11. Defendant is entitled to immunity under the 11th Amendment of the United States Constitution, and any other immunity afforded by applicable law.

12. The claims against Defendant are barred by the doctrine of laches.

13. The claims against Defendant are barred by the applicable statute of limitations.

14. Plaintiff has not made the required showing or allegations entitling him to punitive damages against this Defendant.

15. The Court lacks jurisdiction because Plaintiff failed to comply with the conditions precedent contained within the Florida Medical Malpractice Act prior to filing this lawsuit.

16. The Plaintiff is prohibited from pursuing this action against in that Plaintiff failed to comply with specific presuit investigation requirements

contained in Chapter 766, Florida Statutes, all of which must be completed before an action for medical malpractice/negligence can be filed.

17. The Plaintiff is prohibited in pursuing this action, as Plaintiff's Notice of Intent did not comply with applicable Florida Statutes.

18. The Plaintiff is restricted in recovery in accordance with the Collateral Source Restrictions and Limitations of the Florida Medical Malpractice Act and/or its amendments and conditions precedent.

19. The actions and procedures carried out by Defendant were in accordance with the prevailing standard of care by a reasonably prudent similar health care provider.

20. Plaintiff's injuries, if any, were within the necessary or reasonably foreseeable results of the medicinal or diagnostic procedure constituting the medical intervention.

21. The damages and injuries alleged to have been sustained by the Plaintiff are a direct and proximate result of the Plaintiff's own bodily functions and genetic history of pre-existing conditions, which manifested themselves at or before the injury to the Plaintiff and were not in any way a result of, or caused by the negligence of, the Defendant or any procedures it performed.

22. The injuries to Plaintiff, if any, were caused by the negligent acts of one or more third parties not named as Defendants in this case and who are not in the employment or agency (apparent or implied) of the Defendant, thus this Court should apportion a percentage of liability among those non-parties (to include but not be limited to subsequent caregivers), pursuant to the principles enunciated by the Florida Supreme Court in *Fabre v. Martin*, and *Allied Signal, Inc. v. Fox*, and related cases.

23. The Plaintiff's injury, if any, is a result of an intervening medical condition and/or procedure, and accordingly this Defendant is not liable therefor.

24. In the event of a judgment for Plaintiff and against Defendant, said Defendant is entitled to the protections of Section 768.28, Florida Statutes, as applicable to all Counts of this Complaint.

25. Plaintiff consented to medical treatment, and was fully informed regarding said treatment and the risks associated therewith, and consented to the risks associated with such medical treatment.

26. Defendant reserves the right to amend and supplement these Affirmative Defenses, adding such additional defenses as may be proper upon further discovery being conducted in this case.

DATED this 23rd day of July, 2019.

        **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

        */s/ Ana C. Francolin Dolney*
        **ANA C. FRANÇOLIN DOLNEY, ESQ.**
        Florida Bar No.: 0023162
        **MOLLY J. DURSO, ESQ.**
        Florida Bar No.: 0091029
        121 S. Orange Avenue, Suite 1500
        Orlando, Florida  32801
        Tel:  407-730-3535
        Fax: 407-730-3540
        Email: FLCourtFilings@cmlawfirm.com
        afrancolin@cmlawfirm.com
        *Attorneys for Defendant Centurion of Florida, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on the 23rd of July, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via email.

        */s/ Ana C. Francolin Dolney*
        **ANA C. FRANÇOLIN DOLNEY, ESQ.**
        Florida Bar No.: 0023162

## SERVICE LIST
**James Holmes**
**CASE NO. 3:19-cv-00291-MCR-EMT**
**United States District Court, Northern District of Florida**

**James Holmes, c/o Guy DiMartino, Esq.**, 918 W. Main Street, Leesburg, Florida 34748, gsd@gsdimartino.com. Served via email.